UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

TRACI ENFIELD, *et al*.

Plaintiffs,

v.

UNITED STATES, *et al*.

Defendants.

Case No. 6:25-cv-00554-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

Defendant Eugene Water & Electric Board ("Defendant") moves to dismiss claims against it for inadequate notice under the Oregon Tort Claim Act ("OTCA"). ECF No. 27. For the reasons discussed below, Defendant's motion is denied.

## BACKGROUND

### I.    The Parties

Plaintiffs are individuals who were harmed by the Holiday Farm Fire ("Fire"). Compl. ¶ 8, ECF No. 1. Plaintiffs include forty-five individuals ("Minor Plaintiffs") who sent Defendant letters notifying Defendant of their intent to bring claims against it. Abercrombie Decl. Supp. Def. Eugene Water & Elec. Bd.'s ("EWEB") Mot. Dismiss ("Abercrombie Decl.") ¶¶ 2-4, ECF No. 28; Compl. ¶ 14; Compl. Ex. B, ECF No. 1-2. Minor Plaintiffs sent the letters at issue here on June 2, August 17, and September 24 in 2021. (collectively, "Letters"). Abercrombie Decl. ¶¶

Page 1 — OPINION AND ORDER

2-4. Defendant argues that the Minor Plaintiffs' claims should be dismissed because the Letters failed to give Defendant adequate notice under the OTCA.

## II.    Defendant's Motion

Defendant contends that the Minor Plaintiffs' claims should be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject-matter jurisdiction. Defendant does not dispute that the Court may exercise supplemental jurisdiction over Minor Plaintiffs' claims in accordance with 28 U.S.C. § 1367. Defendant argues, for the first time in its Reply, that the deficient tort claim notices are an exceptional circumstance that would allow the Court to decline to exercise its jurisdiction, citing 28 U.S.C. § 1367(c)(4). It is well settled that dismissal under § 1367(c) is discretionary, not jurisdictional. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639-40 (2009) ("[A] [district] court's exercise of its discretion under § 1367(c) is not a jurisdictional matter.") (citation omitted); *Ho v. Russi*, 45 F.4th 1083, 1085 (9th Cir. 2022) (holding that a district court erred in determining that dismissal under § 1367(c) was for lack of jurisdiction). The Court must "sufficiently explain 'why the circumstances of the case are exceptional'" and should weigh "the principles of economy, convenience, fairness, and comity" to decline to exercise supplemental jurisdiction. *Vo v. Choi*, 49 F.4th 1167, 1171 (9th Cir. 2022) (citation omitted). Defendant identifies no "exceptional circumstances" other than its argument that Plaintiffs' OTCA notices were deficient. The Court finds no persuasive argument of exceptional circumstances or discussion of the relevant principles in Defendant's motion, which rests on a routine issue of state law. Defendant's motion is therefore improperly brought under Fed. R. Civ. P. 12(b)(1).

Defendant, again for the first time in its Reply, states that the Court may construe its motion as a motion for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Although Defendant has not properly brought that motion, *see* L-R 7-1(b), the Court considers Defendant's

Page 2 — OPINION AND ORDER

arguments because both parties have fully briefed the issue, and this Opinion and Order will provide increased clarity to all parties as to the Court's decisions on, and understanding of, the status of Plaintiffs' claims.

Defendant's motion relies on the Letters which, although sent on dates referenced in the operative complaint, are outside of the pleadings. Compl. ¶ 14. A court has "discretion to accept and consider extrinsic materials offered in connection with [12(b)(6)] motions, and to convert the motion to one for summary judgment when a party has notice that the district court may look beyond the pleadings." *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1207 (9th Cir. 2007). "A represented party who submits matters outside the pleadings to the judge and invites consideration of them has notice that the judge may use them to decide a motion originally noted as a motion to dismiss, requiring its transformation to a motion for summary judgment." *Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985). In addition to notice, both parties must have "a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Where a party makes clear that they do not intend to further develop an issue, the court may determine that they have had a reasonable opportunity to present all pertinent material. *See Townsend v. Columbia Operations*, 667 F.2d 844, 849-50 (9th Cir. 1982) (holding party had reasonable opportunity where "[t]here was never any indication to the court that [the party] had anything they wished to submit" and stating "[n]ever having asked in the district court to submit 'outside' material opposing summary judgment, appellants cannot be heard to complain now").

Defendant has notice that the Court could convert its motion because it offered the Letters with its motion. Abercrombie Decl. ¶¶ 2-4. Minor Plaintiffs have notice and have had a reasonable opportunity to present material because they requested that the Court convert

Defendant's motion into a motion for summary judgment in their response. Pls.' Resp. Def. EWEB's Mot. Dismiss 3, ECF No. 39. Defendant opposes conversion to summary judgment but admits it has presented all pertinent material, stating that "discovery would be futile" to decide the "purely legal question about the sufficiency of the OTCA Notices" because "all the information necessary" to resolve the motion is before the Court. Def. EWEB's Mot. Dismiss 3-4, 8, ECF No. 44. The Court is not inclined to accept Defendant's invitation to unnecessarily protract wasteful pre-trial motions practice when an issue Defendant itself has raised can be resolved now. The Court converts Defendant's motion into a Motion for Summary Judgment.

## STANDARDS

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, affidavits, and admissions on file, if any, show "that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Substantive law on an issue determines the materiality of a fact. *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987). Whether the evidence is such that a reasonable jury could return a verdict for the nonmoving party determines the authenticity of the dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party has the burden of establishing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party shows the absence of a genuine issue of material fact, the nonmoving party must go beyond the pleadings and identify facts which show a genuine issue for trial. *Id.* at 324.

Special rules of construction apply when evaluating a summary judgment motion: (1) all reasonable doubts as to the existence of genuine issues of material fact should be resolved against the moving party; and (2) all inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *T.W. Elec.*, 809 F.2d at 630-31.

Page 4 — OPINION AND ORDER

**DISCUSSION**

Under the OTCA, "[n]o action arising from any act or omission of a public body or an officer . . . shall be maintained unless notice of claim is given." ORS 30.275(1). A claimant may give formal or actual notice. ORS 30.275(3). Actual notice is a communication that gives a public body "actual knowledge of the time, place and circumstances giving rise to the claim" and "is such that a reasonable person would conclude that a particular person intends to assert a claim against the public body." ORS 30.275(6). Formal notice is a written communication that describes, among other items, the "time, place and circumstances giving rise to the claim, so far as known to the claimant." ORS 30.275(4)(b). A claimant need not include information about the nature or extent of their injuries or the relief sought. *Hughes v. City of Portland*, 255 Or. App. 271, 282 n.2 (2013). Notices in substantial compliance with the requirements are sufficient if the purpose of the notice requirement is met. *Brown v. Portland Sch. Dist. No. 1*, 291 Or. 77, 81 (1981). The purpose of OTCA's notice requirement is to ensure that public bodies can "investigate matters promptly and ascertain all necessary facts." *Id.* at 81-82. The plaintiff bears the burden to prove that the "notice of claim was given as required." ORS 30.275(7). The sufficiency of the notice "must be determined with the object of the statute in mind, and technically deficient claims should not be barred where the purpose of the statute is served." *Lee v. State*, 290 Or. App. 310, 315 (2018) (quoting *Brown*, 291 Or. at 81).

Defendant argues only that the Letters failed to give Defendant sufficient notice of the "time, place, and circumstances" giving rise to Minor Plaintiffs' claims.

**I.    The September 24th Letter**

Counsel for Minor Plaintiffs sent a letter to Defendant on September 24, 2021 ("September Letter"). Abercrombie Decl. ¶ 2, Ex. A ("Sept. Letter"). The relevant part of the letter states

Page 5 — OPINION AND ORDER

> **RE:**   *Jody Anderson, et al v. Eugene Water & Electric Board, el al.* **Case No. 21-CV-15031: Notice of Additional Plaintiffs to be added to Suit**
>
> . . . .
>
> I write to give notice to your client, Eugene Water & Electric Board ("EWEB"), that we intend to add the below-listed companies and individuals to the complaint as plaintiffs in the above-captioned case. As you know, the complaint alleges that EWEB's conduct was responsible for the Holiday Farm fire. The below-listed companies and individuals were damaged by that fire as described in the complaint. You can contact any of these companies and individuals through counsel.

Sept. Letter 1. The letter lists seven companies and one hundred individuals, including most of the Minor Plaintiffs. Sept. Letter 3-4; Compl. Ex. B. The letter references a prior complaint filed in Lane County Circuit Court against Defendant ("Anderson Complaint"). Sept. Letter 1; Abercrombie Decl. ¶¶ 5-6. The Anderson Complaint[1] alleges that Defendant EWEB failed to properly operate its power lines in the Holiday Farm Fire area on September 7, 2020, causing the fire and resulting in property damage, personal injuries, emotional distress, and loss of business income. Abercrombie Decl. Ex. D ("Anderson Compl.") ¶¶ 2-6, 32-34. The Anderson Complaint alleges negligence, gross negligence, trespass, nuisance, and inverse condemnation against Defendant EWEB. Anderson Compl. 12-20. Defendant does not dispute that it had possession of the Anderson Complaint.

Defendant argues that the September Letter is inadequate because the allegations are vague, relying on *Moore v. Portland Pub. Schs.*, 328 Or. App. 391 (2023). The notices in *Moore* stated that in the last few years, the plaintiffs brought assault claims due to "appalling behavior by the [defendant school district]" or one of its officers, employees, or agents. *Id.* at 403. The

---

[1] Defendant attached the second amended complaint and the third amended complaint in the Anderson case to its motion. Abercrombie Decl. ¶¶ 5-6. The second amended complaint is relevant here because it was not amended before Minor Plaintiffs sent Defendant the Letters. *See* Abercrombie Decl. ¶¶ 2-6.

notices did not refer to "any specific event or action taken by anyone." *Id.* at 404. The notices

"did not pinpoint specific days" of the alleged tortious conduct but stated that they occurred

"daily" over a period of at least two years. *Id.* at 403. Although the notices gave adequate notice

of the time giving rise to the claims under a substantial compliance standard, they "failed to

specify the places and circumstances of the alleged torts." *Id.* at 403-04. The notices did not

comply with the OTCA because they would not enable a reader "to discern the perpetrator or

perpetrators of the alleged assaults" or "the physical locations of the alleged assaults" or whether

anyone from the district was involved. *Id.* at 404.

The Anderson Complaint "pinpoints a specific day" (September 7, 2020), specifies the

place (the Holiday Farm Fire area), and identifies specific allegations of Defendant's misconduct

(its failure to properly operate its powerlines in the area). The Anderson Complaint, unlike the

*Moore* notice, identifies the specific events, tortfeasor, location, and date of Defendant's

misconduct.

Defendant argues that the September letter, read with the Anderson Complaint, does not

confer notice because (1) the Minor Plaintiffs were not a party to that lawsuit and (2) their

damages are not listed anywhere in the complaint. These arguments are unavailing. The fact that

the Minor Plaintiffs are not identified in the Anderson Complaint is immaterial. The September

Letter lists the relevant names. Sept. Letter 1-4. It states that the relevant Plaintiffs "were

damaged by [the Fire] as described in the [Anderson] complaint." Sept. Letter 1. Plaintiffs need

not "furnish full information regarding the nature and extent of the[ir] injuries." *Hughes*, 255 Or.

App. at 282 n.2. Defendant, upon receiving the September Letter, had notice that the listed

individuals intended to pursue specific claims against it because of its alleged failure to properly

operate its power lines on September 7, 2020, causing the Holiday Farm Fire and personal injury

to Minor Plaintiffs in the area. A reasonable jury could conclude that Defendant became aware of the "time, place, and circumstances" giving rise to Minor Plaintiff's claims upon receipt of the September Letter.

## II.    The June and August Letters

Counsel for Minor Plaintiffs also sent letters to Defendant on June 2 and August 17 in 2021 ("June and August Letters"). Abercrombie Decl. Ex. B at 1, Ex. C at 1. The June and August Letters are identical to one another, aside from listing different claimants and being sent on a different date. Abercrombie Decl. Exs. B, C. The June and August letters are titled "OREGON TORT CLAIMS ACT NOTICE." Abercrombie Decl. Ex. B at 1, Ex. C at 1. The relevant part of the letters read as follows:

> The "Holiday Farm Fire" began on September 7, 2020, near the Holiday Farm RV Resort on Highway 126 in Lane County, Oregon.
>
> These claimants will assert claims for damages against Eugene Water and Electric Board (EWEB) . . . .
>
> On or about September 7, 2020, energized power lines owned and/or operated by EWEB and Lane Electric caused fires to be ignited in the "Holiday Farm Fire." The claimants have suffered real property and personal property damages and losses, business losses, personal injuries, and interference with their property rights and ability to enjoy their properties. These harms have resulted in economic and non-economic damages.

Abercrombie Decl. Ex. B at 1, Ex. C at 1. The letters contain a list of claimants, four of which are Minor Plaintiffs in the instant suit. Abercrombie Decl. Ex. B at 3, Ex. C at 3.

The June and August Letters state the date of Defendant's alleged tortious conduct. They were sent ten and twelve months after the fire, giving Defendant notice that the relevant plaintiffs' claims arose in that period. The June and August Letters state that the location underlying the claims is the Holiday Farm Fire area and that Defendant's operation of its power lines in the area caused the fires and resulting personal injuries, property damage, business

Page 8 — OPINION AND ORDER

losses, and interference with property rights. Like the September Letter, the June and August Letters raise a genuine issue of material fact that Defendant had notice of the time, place, and circumstances giving rise to Minor Plaintiffs' claims.

## CONCLUSION

For the reasons discussed above, Defendant's motion (ECF No. 27) is DENIED.

DATED this 11th day of March 2026.

s/ Mustafa T. Kasubhai
MUSTAFA T. KASUBHAI (he/him)
United States District Judge